# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BREWER, | ) | CASE NO. 4:09CV2296 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| WAL-MART, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 11, 2010, Defendant Wal-Mart Inc. (Defendant) filed its Motion to Dismiss the present action, pursuant to Fed. R. Civ. P. 12(b)(2) and (5). (Doc. No. 3.) On May 25, 2010, well within the period of time in which to respond to Defendant's motion, Plaintiff Ronald Brewer (Plaintiff) filed a Notice of Voluntary Dismissal, pursuant to Rule 41(a)(1)(A). (Doc. No. 4.) The Court entered an order approving the Notice of Dismissal on June 1, 2010. Subsequently, Defendant filed an opposition to Plaintiff's Notice (Doc. No. 6), and Plaintiff filed a reply. (Doc. No. 7.)

In its opposition, Defendant notes that Plaintiff did not seek its agreement for the dismissal, and, as a result, suggests that Plaintiff has failed to comply with Rule 41(a)(1)(A)(ii). Underscoring the fact that it is unwilling to agree to a dismissal without prejudice, Defendant insists that Plaintiff should not be allowed to voluntarily dismiss this action. Defendant also argues that dismissal without prejudice is inappropriate because Plaintiff has failed to properly serve Defendant under Rule 4.

Defendant has focused upon the wrong portion of Rule 41(a)(1)(A). That rule provides, *in toto*:

(a) Voluntary Dismissal.
 *(1) By the Plaintiff.*

 (A) Without a Court Order. Subject to [certain Rules and statutes inapplicable here], the plaintiff may dismiss an action without a court order by filing:

 (i) A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
 (ii) A stipulation of dismissal signed by all parties who have appeared.

At the time that Plaintiff filed his Notice of Voluntary Dismissal (and to the date of the filing of this Opinion and Order), Defendant had not filed an answer or a motion for summary judgment. Therefore, Plaintiff's Notice was sufficient, under Rule 41(a)(1)(A)(i), to dismiss the case without Court involvement. *See D.C. Elecs., Inc. v. Narton Corp.*, 511 F.2d 294, 298 (6th Cir. 1975) ("[T]he basis for our decision here is that Rule 41(a)(1)(A)(i) is clear and unambiguous on its face and admits no exceptions that call for the exercise of judicial discretion by any court, other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under 41(a)(1)(i).") Further, although Defendant had filed a motion to dismiss, that does not defeat a voluntary dismissal under Rule 41(a)(1). *See Aleman v. Hudson*, 2008 U.S. Dist. LEXIS 23399, at *3 (N.D. Ohio Mar. 25, 2008) (citing *Aamot v. Kassel*, 1 F.3d 441, 444-45 (6th Cir. 1993)) (a defendant's motion to dismiss does not constitute an answer or summary judgment motion under Rule 41(a)(1)). *See, e.g., Kelly v. Warden*, 2010 U.S.

Dist. LEXIS 51402, at *2 (N.D. Ohio May 25, 2010) (voluntary dismissal of petition under Rule 41(a)(1)(A)(i) notwithstanding the defendant's previously filed motion to dismiss under Rule 12(b)(1) and (6)); *MacDormott v. Homecomings Fin.*, 2009 U.S. Dist. LEXIS 110124, at *1 (E.D. Mich. Nov. 25, 2009) (previously filed motion to dismiss with prejudice did not preclude voluntary dismissal under Rule 41(a)(1)(A)(i).)

Accordingly, and for all of the reasons set forth above, this case remains **DISMISSED** without prejudice. Further, Defendant's request for costs is **DENIED** at this time. Should Plaintiff re-file the same lawsuit, Defendant may seek the costs associated with this action, pursuant to Rule 41(d).

**IT IS SO ORDERED**.

Dated: July 2, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**